IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JULIO CESAR RODRIGUEZ,

    Plaintiff,

vs.                                                    CASE NO. 4:05CV266-MMP/AK

JAMES V. CROSBY, et al,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff, proceeding *pro se,* has filed a complaint under 42 U.S.C. §1983 alleging deliberate indifference to his serious medical needs. (Doc. 1). He has also filed a motion for preliminary injunction seeking immediate medical care. (Doc. 2). Although he has named as Defendants James Crosby and Patrick Brown with FDOC in Tallahassee, Florida, his complaints against them concern their policy of referring inmates medical decisions to the chief health officers at their institutions, and his primary complaint is *with* the decision by his health care providers at Columbia Correctional Institution not to submit his name for a heart transplant. He has also named a nurse at Columbia CI for allegedly failing to administer adequate health care to him following an "attack." (Doc. 1). It is the opinion of the undersigned that this cause should be transferred to the Middle District of Florida because Columbia C. I. is located

in the Middle District of Florida, where most of the events complained of have occurred and where any injunctive relief could be afforded.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988).  The <u>Lipofsky</u> court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* <u>Lipofsky</u>, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.  There is no need for a hearing on this transfer.  *Cf.* <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* <u>Starnes v. McGuire</u>, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Gainesville, Florida, this **9TH** day of August, 2005.

       **s/ A. KORNBLUM**
       **ALLAN KORNBLUM**
       **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 4:04cv433-mmp/ak